And, finally, no consideration was shown for the alleged promise of the defendant to pay the debt of the corporation.

Although the case was not tried in the light of the plaintiff's construction of its own pleading, the learned trial justice would have been correct in dismissing the complaint were it not for the admission of the defendant that he owed $15. As the pleadings stood, the plaintiff could not be deprived of a recovery to that extent. There is no occasion, however, to subject the parties to a new trial, as the error can be rectified on this appeal by way of modification. The fact upon which the modification rests is conceded, and the error resulted from mere oversight. Snyder v. Seaman, 157 N. Y. 449, 52 N. E. 658; McNulty v. Mt. Morris El. Light Co., 172 N. Y. 410, 419, 65 N. E. 196.

The judgment as entered will be reversed, and a judgment directed in favor of the plaintiff in the sum of $15, without costs of this appeal to either party. All concur.

---

## MULLANE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 28, 1906.)

CARRIERS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
    Plaintiff, having boarded defendant's street car, was thrown from the footboard and injured by a sudden jerk of the car before it came to its next stop. Her failure to enter the car was due to the crowd thereon, through which she could not pass, rather than to the fact that the cars were in motion. Held, to show contributory negligence in boarding the car.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Agnes Mullane, by guardian, against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

William E. Weaver, for appellant.
Richard J. Donovan, for respondent.

McCALL, J. The plaintiff in this action, at 6:30 on the morning of November 21, 1905, sought to become a passenger on one of the cars of defendant operated along its Second avenue line of route. She left her house intending to go to the place of her employment, and at Sixty-Fourth street and Second avenue signaled an approaching car bound downtown to stop. It did stop, and while she was endeavoring to board same, and was in the position of having both her feet on the running board, some one, not the conductor of the car, but one of a number of men whom she saw on the back platform, signaled the car to go ahead by pulling the bell, and it started with the plaintiff in the position related. She remained in the same place till the car reached Sixty-Third street, where, as she swears, she intended, on the car stopping, to go inside. At this point, a block away from where she boarded the car, it slowed down, and then started ahead again with a

jerk, which threw the men standing on the platform backwards,' one of them falling against the plaintiff with such force as to loosen her hold, and precipitate her to the street and against a pillar of the elevated railroad, and she suffered the injuries she complained of. From the time she boarded the car until she was thrown therefrom no one had appeared to collect her fare, and she had not paid it. While an endeavor was made to show that the reason she did not go inside the car between Sixty-Fourth and Sixty-Third streets was because the car was moving, the inference is irresistible that the real reason was because the car was crowded and her way was blocked, and she could not get in if she tried; for she says on cross-examination: "I knew I could not get in, and I knew I would fall off if I did not hold on;" and when asked, "How did you know you could not get in?" the answer is, "Because the men were in my way. I tried to push my way through, but nobody would move for me to get in." And so, when asked still further, "Wasn't it possible between Sixty-Third and Sixty-Fourth streets for you to get on the platform of the car?" she replied, "No, sir; I tried. The car was going too fast. I tried to push one man aside, but he didn't seem to move, or pay any heed to me." Taking the story as told of the happening of this accident by the plaintiff herself, it establishes unquestioned negligence of the plaintiff contributing to the happening thereof by voluntarily placing herself in an exposed and dangerous position in the crowded state of the car when she got upon it. Tregear v. Dry Dock, etc., R. R. Co., 14 Abb. Prac. (N. S.) 49.

The judgment should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur; LEVENTRITT, J., in result.